Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JOSÉ D. SANTIAGO, LISANKSA NEGRÓN<br><br>Recurrentes<br><br>v.<br><br>JUNTA DE DIRECTORES PARQUE TERRANOVA<br><br>Recurrida | KLRA202300615 | Revisión procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: C-SAN-2023-0015694<br><br>Sobre: Condominios |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de diciembre de 2023.

El Departamento de Asuntos del Consumidor ("DACO") desestimó una querella instada por unos titulares de un apartamento de un condominio, ello porque los querellantes deben más de $30,000 por mantenimiento al condominio. Según se explica a continuación, concluimos que actuó correctamente la agencia, pues la deuda se adjudicó formalmente, de forma final y firme, y la norma es que los titulares que tienen deuda con el condominio no pueden impugnar una acción u omisión del mismo.

I.

En agosto de 2023, el Sr. José D. Santiago y la Sa. Lisanka Negrón (los "Querellantes") presentaron en DACO una querella (la "Querella") contra la presidenta de la junta de directores del Condominio Parque Terranova 1 (el "Condominio"). Mediante la misma, se solicitaron "los documentos para impugnar y cuestionar la alegada deuda y el cálculo de la cuota proporcional al presente". Los Querellantes señalaron que, en julio de 2022, el Condominio aseveró que los Querellantes tenían una deuda de $30,779.73 al 31

de marzo de 2022. Adujeron que, en mayo de 2023, solicitaron ciertos documentos al Condominio, "relacionados con la administración y las finanzas" del mismo. Alegaron que no recibieron los documentos solicitados.

El Condominio solicitó la desestimación de la Querella. Señalaron que la deuda de los Querellantes fue adjudicada de forma final y firme, por una Sentencia del Tribunal de Primera Instancia ("TPI"), confirmada por este Tribunal. Por tal razón, señalaron que los Querellantes estaban "descalificad[o]s" para presentar la Querella. Los Querellantes se opusieron.

Mediante una Resolución notificada el 6 de noviembre, DACO desestimó la Querella. Consignó que, mediante una sentencia de septiembre de 2022, el TPI determinó que los Querellantes debían al Condominio $30,779.73, más $7,500 por concepto de honorarios de abogado. Se añadió que, mediante una Sentencia de febrero de 2023, este Tribunal confirmó la sentencia del TPI (KLAN202201027).

DACO observó que, "al momento de la presentación de la Querella, la determinación" del TPI había "advenido final, firme e inapelable, por lo que la deuda que mantienen los Querellantes es cosa juzgada". DACO concluyó que, como los Querellantes no habían pagado la referida deuda, estaban impedidos de querellarse contra el Condominio, por lo cual desestimó la Querella.

El 4 de diciembre, por derecho propio, los Querellantes presentaron el recurso que nos ocupa. Aducen que la cuantía adjudicada por el TPI es hasta septiembre de 2022, pero que ellos están "cuestionando e impugnando las cuotas de mantenimiento ... después de septiembre de 2022 al presente, la cual continúa y se acumula de mes a mes". Resolvemos.

II.

Al evaluar una solicitud de revisión judicial, los tribunales tienen que otorgar mayor deferencia a las decisiones que toman las

agencias administrativas, pues son éstas las que, de ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados por ley. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006). Se presumen correctas las determinaciones de hecho emitidas por las agencias administrativas y éstas deben ser respetadas a menos que quien las impugne presente evidencia suficiente para concluir que la decisión de la agencia fue irrazonable de acuerdo a la totalidad de la prueba examinada. *Íd.* Por lo tanto, "la revisión judicial ha de limitarse a determinar si la agencia actuó arbitrariamente, ilegalmente o de manera tan irrazonable que su actuación constituyó un abuso de discreción". *Íd.*

Por su parte, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme ("LPAU"), Ley 38-2017, 3 LPRA sec. 9675, dispone que el tribunal deberá sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. Sin embargo, el tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de las decisiones de la agencia. *Íd.*

En resumen, al ejercer su facultad revisora, el tribunal debe considerar los siguientes aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están basadas en evidencia sustancial que surge del expediente, y (3) si las conclusiones de derecho fueron correctas. *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

III.

Concluimos que actuó correctamente DACO al desestimar la Querella. El Artículo 65 de la Ley 129-2020 ("Ley de Condominios") establece la norma general de que un titular que tenga deuda con un Condominio no puede querellarse contra el mismo. 31 LPRA sec. 1923j. En específico, allí se dispone que:

> El titular que quiera impugnar una acción u omisión de la Junta de Directores, del Administrador Interino, del Agente Administrador o un acuerdo del Consejo de Titulares tendrá que demostrar que no tiene ningún tipo de deuda con el Consejo de Titulares y que entregó copia del documento mediante el cual adquirió su apartamento a la Junta de Directores. Será excepción al requisito de no deuda, cuando la impugnación sea para cuestionar la deuda que alegadamente tiene. …

La excepción que se dispone, aplicable cuando la querella va dirigida precisamente a impugnar la deuda, no aplica en este caso, pues ya se adjudicó a favor del Condominio, de forma final y firme, que los Querellantes en efecto deben una cuantía sustancial al Condominio. El hecho de que la deuda continúe acumulándose, y que los Querellantes aleguen que es esa porción de la deuda la que supuestamente interesan impugnar, en nada ayuda a los Querellantes, cuando, como ocurre aquí, no se arguye que se trata de un planteamiento que no hubiese podido esgrimirse en cuanto a la deuda que ya se adjudicó (de forma final y firme) que los Querellantes deben al Condominio.

IV.

Por los fundamentos antes expuestos, se confirma la decisión recurrida.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones